299

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of rayon labels similar in all material respects to those the subject of *Bruce Duncan Co., Inc., a/c Standard Commodities Import & Export Corp.* v. *United States* (51 Cust. Ct. 27, C.D. 2409), the claim of the plaintiffs was sustained.

**No. 68387.**—Barnett Customs Brokers, Inc., of California *v.* United States, protest 63/8560 (Los Angeles).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of walkie-talkie radios, which constitute radio apparatus and not telephone apparatus, the claim of the plaintiff was sustained.

· BEFORE THE THIRD DIVISION, MARCH 30, 1964

**No. 68388.**—A. Newberg & Co., Inc. *v.* United States, protest 63/8984 (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of bubble gum or chewing gum similar in all material respects to that the subject of *Fred L. Strauss* v. *United States* (43 Cust. Ct. 136, C.D. 2117), the claim of the plaintiff was sustained.

**No. 68389.**—Joseph H. Brown & Son *v.* United States, protest 60/13775 (El Paso).

Opinion by DONLON, J. An examination of the official papers showing that the protest was filed more than 60 days after liquidation, it was dismissed as untimely, by virtue of section 514, Tariff Act of 1930.

**No. 68390.**—Joseph H. Brown & Son *v.* United States, protest 63/12047 (El Paso).

Opinion by DONLON, J. An examination of the official papers showing that the protest was filed more than 60 days after liquidation, it was dismissed as untimely, by virtue of section 514, Tariff Act of 1930.

**No. 68391.**—Joseph H. Brown & Son *v.* United States, protest 63/12048 (El Paso).